No.  2--01--1292     

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

RAINTREE HOMES, INC., and
 ) Appeal from the Circuit Court

RAINTREE BUILDERS, INC.,  )  of Lake County.

  ) 

Plaintiffs-Appellants, ) 

) ) 

v. ) No. 98--MR--148

  )

THE VILLAGE OF LONG GROVE,  ) Honorable

) John R. Goshgarian,

Defendant-Appellee. ) Judge, Presiding.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiffs, Raintree Homes, Inc., and Raintree Builders, Inc., filed a complaint against the defendant, the Village of Long Grove, challenging the constitutionality of the impact fees the defendant had charged them for the issuance of building permits.  The plaintiffs appeal from the August 22, 2000, October 11, 2001, and November 8, 2001, orders of the circuit court of Lake County striking certain portions of their complaint, dismissing their complaint, and denying their motion to reconsider, respectively.  We affirm in part and reverse in part.

The present controversy concerns section 4--1--4 of the defendant's village code (Long Grove Village Code §4--1--4(b) (1998)).  That section provided that, as a condition of the issuance of a building permit, an applicant must pay to the defendant $2,500 for the benefit of the elementary school district in which the property for which the permit sought is located, $1,500 for the benefit of the high school district in which the property for which the permit sought is located, and $3,300 to be applied to the defendant's general fund.  See Long Grove Village Code §4--1--4(b) (1998).

Between September 8, 1994, and March 24, 1997, the plaintiffs applied for and obtained 11 building permits by paying the required impact fees.  On February 20, 1998, the plaintiffs applied for and obtained another building permit.  On March 26, 1998, the plaintiffs initiated their complaint.  The plaintiffs' original complaint contained four counts.  On July 14, 2000, the plaintiffs filed an amended single-count complaint seeking (1) a declaration that the defendant did not have the statutory or constitutional authority to charge an applicant $7,300 in impact fees for a building permit and that, therefore, the defendant's practice of doing so was 
ultra
 
vires
 and (2) a refund of the fees they had paid.  

On August 3, 2000, the defendant filed a motion to dismiss pursuant to section 2--615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--615 (West 2000)).  In its motion, the defendant asserted that the plaintiffs' complaint was replete with conclusory statements rather than allegations of fact.  The trial court denied the defendant's motion to dismiss but struck paragraphs 21 through 27, 31, 32, and 36 through 39 of the complaint.  

On August 16, 2001, the defendant filed another section 2--615 motion to dismiss.  In this motion, the defendant asserted that the plaintiffs' claims were barred by the one-year statute of limitations contained in the Local Governmental and Governmental  Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/8--101 (West 2000)).  On October 11, 2001, the trial court dismissed the plaintiffs' complaint as being timed barred by the Tort Immunity Act.  Following the denial of its November 8, 2001, motion to reconsider, the plaintiffs filed a timely appeal.

The plaintiffs' first argument on appeal is that the trial court erred in dismissing the plaintiffs' complaint as being time barred by the one-year statute of limitation contained in section 8--101 of the Tort Immunity Act.  The plaintiffs argue that the Tort Immunity Act and its one-year statute of limitations period is inapplicable to the instant case.  

At the outset, we note that
 the question presented by a section 2--615 motion to dismiss is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.
  
Hough v. Kalousek
, 279 Ill. App. 3d 855, 862 (1996).  Illinois is a fact-pleading jurisdiction that requires a plaintiff to present a legally and factually sufficient complaint.
 
 
Hough
, 279 Ill. App. 3d at 863.
  The plaintiff is not required to prove his or her case, but must allege sufficient facts to state all the elements of the asserted cause of action.  
Inland Real Estate Corp. v. Tower Construction Co.
, 174 Ill. App. 3d 421, 433 (1988). 
 When ruling on a section 2--615 motion to dismiss, the trial court should admit all well-pleaded facts as true and disregard legal and factual conclusions that are unsupported by allegations of fact.  
Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.
, 275 Ill. App. 3d 452, 456-57 (1995)
.  If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the trial court must grant the motion to dismiss.  
Lake County Grading Co.
, 275 Ill. App. 3d at 457.  
The standard of review on a section 2--615 dismissal is 
de novo
. 
 
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1083-84 (1994).

We turn now to an analysis of the Tort Immunity Act itself.  Traditionally, before the Tort Immunity Act, governmental entities were immune from liability pursuant to the common-law doctrine of sovereign immunity.  See 2 M. Pollelle & B. Ottley, Illinois Tort Law §22.22 (2d ed. 1997).  However, in 1959, the Illinois Supreme Court abolished the doctrine of sovereign immunity with 
Molitor v. Kaneland Community Unit District No. 302
.  18 Ill. 2d 11, 25 (1959).  Then in 1969, in response to 
Molitor
, our legislature enacted the Tort Immunity Act, which limited local governmental entities' liability for tortious actions.  See 745 ILCS 10/1--101 
et
 
seq
. (West 2000).  Finally, in 1970, our legislature adopted a new state constitution, which provided that "[e]xcept as the General Assembly may provide by law, sovereign immunity *** is abolished." Ill. Const. 1970, art. XIII, §4.  Now, the tort liability of a public entity is expressly controlled by both our constitution and the Tort Immunity Act.  See 
Burdinie v. Village of Glendale Heights
, 139 Ill. 2d 501, 506 (1990).  

Focusing on the Tort Immunity Act, we note that nowhere in the Tort Immunity Act does it state that the Tort Immunity Act applies only to actions in tort.  745 ILCS 10/1--101 
et
 
seq
. (West 2000).  In fact, its expressed purpose is to protect local public entities and public employees from liability arising from the operation of government.  745 ILCS 10/1--101.1(a) (West 2000).  Furthermore, section 8--101 of the Act, its statute of limitations provision, ambiguously provides:

"No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State."  745 ILCS 10/8--101 (West 2000).                

Nonetheless, having previously visited this issue on several occasions, we believe that the Tort Immunity Act, including its limitations provision, applies only to actions in tort.  See 
Raintree Homes, Inc. v. Village of Kildeer
, 302 Ill. App. 3d 304, 307 (1999)(the Tort Immunity Act's one-year statute of limitations does not apply to nontortious civil actions); see also 
Dewitt v. McHenry County
, 294 Ill. App. 3d 712, 719 (1998) (same).  Looking at the full name of the Tort Immunity Act, the Local Governmental and Governmental Employees Tort Immunity Act, the legislative intent to limit the Tort Immunity Act to matters of tort liability seems quite apparent.  See 
Dewitt
, 294 Ill. App. 3d at 716 (the official heading or title of a statute can provide guidance in interpreting an ambiguous provision within the statute).  Furthermore, putting the Tort Immunity Act in historical context, it is clear that the Tort Immunity Act was enacted to circumscribe our local governmental entities' liability in tort.  However, there is nothing in the legislative history of the Tort Immunity Act to suggest that the Tort Immunity Act was enacted to limit our local governmental entities' liability arising from contractual or constitutional violations.  See 
Dewitt
, 294 Ill. App. 3d at 716-17. In the case herein, the plaintiffs alleged that the defendant had committed an 
ultra
 
vires
 act and, thus, their cause of action was constitutional in nature rather than tortious.  Therefore, the trial court erred in dismissing the plaintiffs' complaint as time-barred by section 8--101 of the Tort Immunity Act.

The plaintiffs' next argument on appeal is that the trial court erred in striking certain portions of their complaint.  The plaintiffs argue that, contrary to the trial court's ruling, the stricken paragraphs consisted of factual allegations and not conclusions.  

Our careful review of the record reveals that the paragraphs stricken from the plaintiffs' complaint were indeed comprised of conclusory statements.  For example, the first paragraph stricken, paragraph 21, alleged that "[t]he defendant would not have issued the above referenced building permits to the plaintiffs without the required donation."  Paragraph 21 was nothing more than a factual conclusion.  As an additional example, the second paragraph stricken, paragraph 22, alleged that the "[f]ailure of the plaintiffs to obtain the above referenced building permits would have been a breach of their contractual obligation to obtain the building permits."  Paragraph 22 was nothing more than a legal conclusion.  As none of the stricken paragraphs contained well-pleaded allegations of fact, the trial court did not err in striking them.                     

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed in part and reversed in part, 
and the cause is remanded for assignment to a different judge for further proceedings consistent with this decision.

Affirmed in part and reversed in part; cause remanded.

CALLUM and KAPALA, JJ., concur.