ANGELIC GRIFFIN *et al.*, Plaintiffs-Appellants, v. RODNEY BRUNER *et al.*, Defendants-Appellees (Randy Stultz *et al.*, Defendants).

Second District    No. 2—02—0898

Opinion filed July 15, 2003.

322

Kim M. Casey, of Holmstrom & Kennedy, of Rockford, for appellants.

Christine L. Olson, Newton C. Marshall, and Timothy G. Shelton, all of Hinshaw & Culbertson, of Chicago, for appellees.

JUSTICE KAPALA delivered the opinion of the court:
Plaintiffs, Angelic Griffin and Anthony Lowe, appeal from an order

of the circuit court of Winnebago County granting the motion of defendants Rodney Bruner and Century 21 Country North (Century 21) to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)) and dismissing count II of plaintiffs' amended complaint. For the following reasons, we affirm.

## BACKGROUND

Plaintiffs filed a four-count, amended complaint, alleging that they purchased a residence from defendant Randy Stultz. Defendant Harold Carter, d/b/a Carter Realty, was Stultz's real estate agent. Bruner was plaintiffs' agent but was compensated via an arrangement with Carter to receive part of the proceeds of the commission from the sale of the house. After plaintiffs took possession, their minor son became ill with lead poisoning. A subsequent inspection by a licensed lead inspector revealed harmful levels of lead in several rooms throughout the house.

Count II is the only count directed at Bruner and Century 21. It is alleged in count II that Bruner knowingly violated section 4852d(a)(4) of the Residential Lead-Based Paint Hazard Reduction Act of 1992 (Act) (42 U.S.C. § 4852d(a)(4) (2000)). Count II seeks money damages, attorney fees, and costs pursuant to sections 4852d(b)(3) and 4852d(b)(4) of the Act (42 U.S.C. §§ 4852d(b)(3), (b)(4) (2000)).

Bruner and Century 21 filed a section 2—615 motion to dismiss in which they contended that section 4852d(a)(4) does not apply to them as they were not the seller's agent. They also contended that plaintiffs did not properly allege sufficient facts in count II that they knowingly violated the Act. The trial court granted the motion and included language in its order pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) allowing plaintiffs to appeal. The written order does not specify the basis for granting the motion to dismiss. After the trial court denied plaintiffs' motion to reconsider, plaintiffs filed a timely notice of appeal.

## DISCUSSION

On appeal, plaintiffs first contend that the trial court erred in concluding that a buyer's agent, as a matter of law, has no duty under section 4852d(a)(4) to ensure compliance with the Act. They argue that where, as here, the buyer's agent receives compensation from the seller or his representative, the regulations under 24 C.F.R. § 35.86 (2002) make section 4852d(a)(4) applicable to such an agent. Alternatively, plaintiffs assert that they have alleged sufficient facts to show that Bruner knowingly violated the Act.

■ We begin with the proper standard for reviewing the trial court's dismissal of the amended complaint. The question presented

by a section 2—615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Raintree Homes, Inc. v. Village of Long Grove*, 335 Ill. App. 3d 317, 319 (2002). The plaintiff is not required to prove his case, but must allege facts sufficient to state all the elements of the asserted cause of action. *Raintree Homes, Inc.*, 335 Ill. App. 3d at 319. When ruling on a section 2—615 motion to dismiss, the trial court should accept all well-pleaded facts as true and disregard legal and factual conclusions that are unsupported by allegations of fact. *Raintree Homes, Inc.*, 335 Ill. App. 3d at 319. If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the trial court must grant the motion to dismiss. *Raintree Homes, Inc.*, 335 Ill. App. 3d at 319. The standard of review on a section 2—615 dismissal is *de novo*. *Raintree Homes, Inc.*, 335 Ill. App. 3d at 319.

■ Standing directly in the way of plaintiffs' claim in count II are two federal court decisions holding that a buyer's agent, even one that is compensated via a commission-sharing agreement with the seller's agent, is not included within the terms of section 4852d(a)(4). See *Flowers v. ERA Unique Real Estate, Inc.*, 170 F. Supp. 2d 840 (N.D. Ill. 2001); *Keegan v. Downing Agency, Inc.*, No. 03—56—P—H (D. Me. May 22, 2003). While a decision of a lower federal court interpreting a federal statute is not controlling on an Illinois court, uniformity of decision is an important consideration in interpreting federal statutes such that an Illinois court may elect to give "considerable weight" to those lower federal court opinions. *Sprietsma v. Mercury Marine*, 197 Ill. 2d 112, 120 (2001), *reversed on other grounds*, 537 U.S. 51, 154 L. Ed. 2d 466, 123 S. Ct. 518 (2002).

Here, we choose to give considerable weight and deference to the only two federal cases deciding whether a buyer's agent has a duty under section 4852d(a)(4). We do so for several reasons.

First, the two federal decisions are entirely consistent with each other in their interpretation and application of section 4852d(a)(4). We are persuaded by the fact that the only two federal decisions addressing the issue reach the same result with the same reasoning.

Second, our research reveals no other federal case that addresses the issue. Thus, there are no federal decisions inconsistent with *Flowers* and *Keegan*.

Third, we have found no state case, from Illinois or elsewhere, interpreting section 4852d(a)(4). Therefore, there are no other decisions that reach a different result from the two federal cases.

Fourth, while not controlling, we are particularly persuaded by

decisions from the federal courts interpreting a federal statute. While the rules of statutory interpretation are generally the same in both state and federal court, we believe the federal courts are uniquely situated to render opinions regarding the meaning and application of federal statutes.

Finally, we opt to give considerable weight to the two federal cases because we find their analysis to be reasonable and logical. See *Sprietsma*, 197 Ill. 2d at 119; *Wilson v. Norfolk & Western Ry. Co.*, 187 Ill. 2d 369, 381 (1999).

■ Section 4852d(a)(4) provides, in relevant part:

"Whenever a seller or lessor has entered into a contract with an agent for the purpose of selling or leasing a unit of target housing, the regulations promulgated under this section shall require the agent, on behalf of the seller or lessor, to ensure compliance with the requirements of this section." 42 U.S.C. § 4852d(a)(4) (2000).

Section 35.86 of the regulations defines agent as:

"Agent means a party that enters into a contract with a seller or lessor, including any party that enters into a contract with a representative of the seller or lessor, for the purpose of selling or leasing target housing. This term does not apply to purchasers or any purchaser's representative who receives all compensation from the purchaser." 24 C.F.R. § 35.86 (2002).

In *Flowers*, the court rejected the precise contention urged by plaintiffs in this case. The court began its analysis by noting that the language of section 4852d(a)(4) "does *not* place any duty on a buyer's real estate broker or agent to ensure compliance with the Act." (Emphasis in original.) *Flowers*, 170 F. Supp. 2d at 843. The court then addressed the plaintiff's contention that the buyer's agent has a duty under section 4852d(a)(4) because section 35.86 of the regulations indicates that a buyer's agent, when paid by a seller's agent through a cooperative brokerage agreement, is responsible to ensure compliance with the Act. The court rejected that contention because it is well settled that a court must reject an administrative construction of a statute where such construction is inconsistent with the statutory mandate. *Flowers*, 170 F. Supp. 2d at 843. The court, therefore, rejected the plaintiff's cited administrative construction because "the clear statutory mandate under the subject Act is to impose responsibility to ensure compliance *solely* on the seller's real estate agent and *not* the buyer's agent." (Emphasis in original.) *Flowers*, 170 F. Supp. 2d at 843. The *Keegan* court echoed this reasoning in following *Flowers*. See *Keegan*, slip op at ___ .

■ We find the reasoning of *Flowers* and *Keegan* to be compelling. The plain language of section 4852d(a)(4) states that "[w]henever a

seller or lessor has entered into a contract with *an agent* for the purpose of selling or leasing a unit of target housing, the regulations promulgated under this section shall require *the agent*, on behalf of the seller or lessor, to ensure compliance with the requirements of this section." (Emphasis added.) 42 U.S.C. § 4852d (a)(4) (2000). We read the reference to "the agent" to be to "an agent" under contract with the seller for the purpose of selling the property. The language of section 4852d(a)(4) unambiguously refers to the seller's agent only.

While we recognize, as did the two federal courts deciding this issue, that the regulations expressly include the buyer's agent under section 4852d(a)(4), such an inconsistency flies in the face of the clear statutory mandate of section 4852d(a)(4). Thus, we agree with the federal courts that the language of section 4852d(a)(4) controls rather than the regulations. Consequently, a buyer's agent, such as Bruner in this case, has no duty under section 4852d(a)(4). The trial court here properly dismissed count II as to Bruner and Century 21. Because we affirm the trial court on that basis, we do not address the issue of whether plaintiffs properly alleged that Bruner knowingly violated the Act.

## CONCLUSION

For the foregoing reasons, we affirm the order of the circuit court of Winnebago County granting the motion of defendants Bruner and Century 21 to dismiss count II of the amended complaint.

Affirmed.

HUTCHINSON, P.J., and BYRNE, J., concur.