TRAVEL EXPRESS AVIATION MAINTENANCE, INC., *et al.*, Plaintiffs-Appellants, v. BRIDGEVIEW BANK GROUP, f/k/a Uptown National Bank, *et al.*, Defendants-Appellees (Fasti USA, Inc., Defendant).

Second District No. 2—10—0089

Opinion filed January 13, 2011.

Jeffrey A. Meyer, of Smith & Tucker LLC, of Sycamore, for appellants.

Eileen M. Sethna and Beverly A. Berneman, both of Querrey & Harrow, Ltd., of Chicago, for appellee Bridgeview Bank Group.

Joseph P. Sauber, of Shearer & Agrella, of St. Charles, and David A. Cheek, of Cheek & Falcone, PLLC, of Oklahoma City, Oklahoma, for appellee Royal Palm Aviation, LLC.

JUSTICE BOWMAN delivered the judgment of the court, with opinion.

Justices Hudson and Birkett concurred in the judgment and opinion.

## OPINION

Plaintiffs, Travel Express Aviation Maintenance, Inc., and Travel Express Aviation, LLC, appeal from the trial court's dismissal of their claims against defendants Bridgeview Bank Group, f/k/a Uptown National Bank (Bridgeview), and Royal Palm Aviation, LLC (Royal Palm). At issue is whether plaintiffs or Bridgeview had priority in their claims against an aircraft originally owned by defendant Fasti USA, Inc. (Fasti). The trial court effectively determined that Bridgeview, whose claim against the plane predated plaintiffs' claims by several years, was not required to file a continuation statement with the Federal Aviation Administration (FAA) to maintain the perfection of its claim. Therefore, Bridgeview's claim retained its priority. We affirm.

## I. BACKGROUND

Around May 2001, Bridgeview loaned money to Fasti. In return, Bridgeview received a promissory note and a security agreement giv-

ing it a security interest in a 1979 Cessna aircraft that Fasti owned. On July 9, 2001, Bridgeview recorded the security agreement with the FAA. Fasti breached the security agreement on August 18, 2008, and Bridgeview repossessed the plane on October 7, 2008. On April 8, 2009, Bridgeview issued a notice to plaintiffs, among others, of a private Uniform Commercial Code (810 ILCS 5/1—101 *et seq*. (West 2008)) sale of the aircraft, to take place on April 20, 2009. Royal Palm purchased the plane, and the bill of sale was recorded with the FAA on June 22, 2009.

Meanwhile, on February 14, 2005, plaintiffs[1] filed a lien statement with the FAA for $55,000 worth of work they had completed on the plane for Fasti by December 30, 2004. On October 1, 2008, plaintiffs filed a lien statement with the FAA for $36,272.68 worth of work they had completed on the plane for Fasti by September 11, 2008.

On September 10, 2009, plaintiffs filed a complaint to foreclose on their liens. The complaint contained six counts. Counts I through III related to the $36,272.68 lien. Count I was directed against all three defendants and sought a judgment foreclosing the lien; count II was directed against Bridgeview and sought an accounting; and count III was directed against Fasti and alleged breach of contract. Counts IV through VI related to the $55,000 lien. Count IV was directed against all three defendants and sought a judgment foreclosing the lien; count V was directed against Bridgeview and sought an accounting; and count VI was directed against Fasti and alleged breach of contract.

Bridgeview filed a motion to dismiss on October 22, 2009. Bridgeview sought to dismiss counts I and IV of plaintiffs' complaint, pursuant to section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2008)). It argued, *inter alia*, that its security interest had priority over plaintiffs' lien claims. Bridgeview further sought to dismiss counts II and V, pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 2008)), arguing that plaintiffs failed to state a claim for an accounting because they did not allege that they had an inadequate remedy at law. On December 28, 2009, the trial court granted Bridgeview's motion and dismissed the counts against it. It further *sua sponte* dismissed counts I and IV as to Royal Palm and Fasti. The trial court included language under Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Jan. 1, 2006)) that there was no reason to delay the enforcement or appeal of the order. Plaintiffs timely appealed.

---

[1]For purposes of this appeal, we do not differentiate between Travel Express Aviation Maintenance, Inc., and Travel Express Aviation, LLC.

## II. ANALYSIS

On appeal, plaintiffs challenge the trial court's grant of Bridgeview's motion to dismiss. In reviewing the grant of a section 2—619 motion, we must interpret the pleadings and supporting materials in the light most favorable to the plaintiff. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332 (2008). A section 2—619 dismissal resembles the grant of a motion for summary judgment; we must determine whether a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether the dismissal was proper as a matter of law. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254 (2004). A section 2—615 motion to dismiss attacks the legal sufficiency of the complaint. We must determine whether the allegations, when construed in the light most favorable to the plaintiff, sufficiently state a cause of action upon which relief can be granted. *Turner v. Memorial Medical Center*, 233 Ill. 2d 494, 499 (2009). A cause of action should not be dismissed under section 2—615 unless no set of facts can be proved entitling the plaintiff to recover. *Id.* We review *de novo* the grant of a motion to dismiss under either section 2—615 or section 2—619. *Westfield Insurance Co. v. Birkey's Farm Store, Inc.*, 399 Ill. App. 3d 219, 231 (2010).

This case further requires us to interpret statutes. The primary rule of statutory construction is to give effect to the legislature's intent, which is best determined by the statutory language's plain and ordinary meaning. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). We will not read into the language any exceptions, limitations, or conditions that conflict with the expressed intent. *Id.* at 441. Statutory construction presents a question of law, which we review *de novo*. *Id.* at 439.

Plaintiffs argue that the trial court erred in finding that Bridgeview was not required to file a continuation statement with the FAA to maintain perfection of its security interest in the aircraft. Federal law requires that every aircraft transfer be evidenced by an instrument recorded with the FAA before the rights of innocent third parties can be affected. 49 U.S.C. §§44107, 44108 (2006); *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406, 409-10 (1983). Section 44107 of the Federal Aviation Administration Act requires the FAA's administrator to establish a system for recording, among other things, "conveyances that affect an interest in civil aircraft of the United States." 49 U.S.C. §44107(a)(1) (2006). "Conveyance" is defined as "an instrument, including a conditional sales contract, affecting title to, or an interest in, property." 49 U.S.C. §40102(a)(19) (2006). Section 44108 of the Federal Aviation Administration Act provides in relevant part:

> "(a) Validity Before Filing.—Until a conveyance, lease, or instrument executed for security purposes that may be recorded under

section 44107(a)(1) or (2) of this title is filed for recording, the conveyance, lease, or instrument is valid only against—
 (1) the person making the conveyance, lease, or instrument;
 (2) that person's heirs and devisees; and
 (3) a person having actual notice of the conveyance, lease, or instrument.
 (b) Period of Validity.—*When a conveyance, lease, or instrument is recorded under section 44107 of this title, the conveyance, lease, or instrument is valid from the date of filing against all persons, without other recordation*, except that [exceptions not applicable.]
* * *

 (c) Applicable Laws.—(1) The validity of a conveyance, lease, or instrument that may be recorded under section 44107 of this title is subject to the laws of the State, the District of Columbia, or the territory or possession of the United States at which the conveyance, lease, or instrument is delivered, regardless of the place at which the subject of the conveyance, lease, or instrument is located or delivered." (Emphasis added.) 49 U.S.C. §44108 (2006).

The federal registration process was designed to create a central clearing house to record titles so that everyone has easy access to claims, liens, or legal interests in a civilian aircraft. *Philko Aviation, Inc.*, 462 U.S. at 411. Therefore, in creating the registration system, Congress intended that it "preempt any state law under which a transfer without a recordable conveyance would be valid against innocent transferees or lienholders who have recorded." *Id.* at 410. In this case, it is undisputed that Bridgeview properly recorded its security interest in Fasti's aircraft on July 9, 2001.

Plaintiffs rely on Illinois's Uniform Commercial Code (Commercial Code) (810 ILCS 5/1—101 *et seq.* (West 2008)). The Commercial Code requires the in-state filing of a financing statement to perfect a security interest, but this requirement does not apply to, among others, "property subject to a statute, regulation, or treaty described in Section 9—311(a)." 810 ILCS 5/9—310(b)(3) (West 2008). Section 9—311(a)(1) provides in relevant part:
 "(a) Security interest subject to other law. Except as otherwise provided in subsection (d) [not applicable here], the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to:
 (1) a statute, regulation, or treaty of the United States whose requirements for a security interest's obtaining priority over the rights of a lien creditor with respect to property preempt Section 9—310(a)[.]" 810 ILCS 5/9—311(a)(1) (West 2008).
Thus, the Commercial Code also recognizes that any federal statutory requirements would prevail for perfecting a security interest in

property, and the Commercial Code exempts parties with such security interests from its filing requirements. In fact, the official comments to section 9—311 specifically mention the registry for civilian aircrafts as an example of the type of federal statute referred to in subsection (a)(1). 810 ILCS Ann. 5/9—311, Uniform Commercial Code Comment, at 510 (Smith-Hurd 2004).

Plaintiffs do not dispute that under Illinois law Bridgeview's security interest originally had priority over their liens due to Bridgeview's earlier perfection of its security interest. See 770 ILCS 45/4 (West 2008) (lien "shall be subject to the lien of any bona fide security interest as defined in the Uniform Commercial Code upon the same chattel recorded prior to the commencement of any lien herein created"). Rather, plaintiffs argue that Bridgeview was required under the Commercial Code to file a continuation statement with the FAA to maintain perfection of its security interest and that its failure to do so resulted in plaintiffs' liens having priority. Section 9—515 of the Commercial Code provides that a filed financing statement is effective for five years and that a continuation statement must be filed for the financing statement to remain effective for another five years. 810 ILCS 5/9—515 (West 2008). However, section 9—311(c) of the Commercial Code provides that "*duration and renewal* of perfection of a security interest perfected by compliance with the requirements prescribed by a statute, regulation, or treaty described in subsection (a) are governed by the statute, regulation, or treaty." (Emphasis added.) 810 ILCS 5/9—311(c) (West 2008). Thus, in addition to the Supreme Court's holding that federal law preempts state law in the area of recording a security interest in a civilian aircraft, the Commercial Code expressly defers to federal law on the subject of the duration and renewal of perfection of a security interest. As stated, section 44108, governing filing with the FAA, states that "[w]hen a conveyance, lease, or instrument is recorded under section 44107 of this title, the conveyance, lease, or instrument is valid from the date of filing *** *without other recordation*." (Emphasis added.) 49 U.S.C. §44108(b) (2006). Accordingly, we agree with defendants that under the unambiguous language of the relevant statutes, Bridgeview was not required to file a continuation statement to maintain the perfection of its security interest in the aircraft.

Plaintiffs argue that federal law does not absolutely preempt state law concerning interests in an aircraft. Plaintiffs note that priority is determined under state law (see *Philko*, 462 U.S. at 412-13 (all interests in aircraft "must be federally recorded before they can obtain

whatever priority to which they are entitled under state law")[2] ), as is validity (see 49 U.S.C. §44108(c) (2006) (the "validity of a conveyance, lease, or instrument that may be recorded under section 44107 *** is subject to the laws of the State *** at which the conveyance, lease, or instrument is delivered")). Plaintiffs argue that a dispute over whether a continuation statement needs to be filed by a party with an interest in a civilian aircraft for that party to maintain perfection is a "priority" dispute. Plaintiffs argue that although section 9—311(c) of the Commercial Code provides that the "duration and renewal" of a security interest perfected under a federal statute is governed under that statute, section 44108 is silent as to duration and renewal, so that subject would still be governed by state law, which requires the filing of a continuation statement. Plaintiffs maintain that all that is meant by section 44108's language that an "instrument is valid from the date of filing against all persons, without other recordation" is that: (1) the date of filing, rather than the date the FAA actually records the instrument, determines the date of perfection, and (2) an instrument filed with the FAA need not also be filed with a state or local recording office.

Plaintiffs' argument is without merit. The necessity of a continuation statement is a question not of priority, as plaintiffs characterize it, but rather of maintaining the perfection of a recorded security interest. Even if the phrase "without other recordation" in section 44108 is construed to mean that an instrument does not need to be filed with a state or local recording office, the Commercial Code indisputably defers to federal law on the subject of the "duration and renewal of perfection of a security interest" in an aircraft (810 ILCS 5/9—311(c) (West 2008)), and section 44108 still provides that an "instrument is valid from the date of filing against all persons," without listing any applicable exceptions (49 U.S.C. §44108 (2006)). To revert to the Commercial Code on the issue of a continuation statement would be reading into both the federal and the state statutes exceptions and conditions that do not exist, contrary to the rules of statutory construction. Thus, once Bridgeview filed its security inter-

---

[2]The *Philko* court used the example that a party recording its interest with the FAA may still not have an enforceable interest in the plane if the instrument evidencing the transfer to the party did not comply with formal requisites of state law. *Philko*, 462 U.S. at 414 n.8; see also *In re Gary Aircraft Corp.*, 681 F.2d 365, 372-75 (5th Cir. 1982) (although holder of security interest recorded with the FAA its interest in two planes before the subsequent purchaser did, purchaser was a buyer in the ordinary course of business under Texas law and therefore bought the planes free of the security interest).

est with the FAA, the interest was perfected without the need to renew or extend its duration.

Plaintiffs' reliance on *In re Brice*, 188 F.3d 576 (4th Cir. 1999), does not compel a different result. In that case, two creditors received security interests in the same aircraft in exchange for loans. As in this case, the junior creditor, Thomas Blair, argued that the senior creditor, Crestar Bank, had forfeited its priority because it failed to file a continuation statement with the FAA five years after it filed its initial security agreement. *Id.* at 577. In addition to a statute requiring a continuation statement, Virginia had a statute similar to section 9—311 of the Commercial Code which provided that " '[d]uration and renewal of perfection of a security interest perfected by compliance with the statute or treaty [of the United States] are governed by the provisions of the statute or treaty.' " *Id.* at 578 n.4 (quoting Va. Code Ann. §8.9—302(4) (Michie 1991)). The bankruptcy court held that section 44107 of the Federal Aviation Administration Act preempted the state law requiring a continuation statement and that therefore Crestar Bank was not required to file such a statement with the FAA. The district court affirmed. *Id.* at 577. The Fourth Circuit Court of Appeals also affirmed, though on a different basis. It relied on section 55—100 of the Virginia Code, which provided:

> " 'No instrument which affects the title to or interest in any civil aircraft of the United States, as defined by federal law, ... shall be valid ... until such instrument is recorded in the office of the Civil Aeronautic[s] Administrator of the United States, or such other office as is designated by the laws of the United States as the one in which such instruments should be filed. *Every such instrument so recorded in such office shall be valid as to all persons without further recordation in any office in this Commonwealth, the provisions of any other recordation statute to the contrary notwithstanding.*' " (Emphasis added.) *Id.* at 578 n.5 (quoting Va. Code Ann. §55—100 (Michie 1995)).

The court of appeals held that section 55—100 applied because the security interest concerned an aircraft registered with the FAA, and under section 55—100, no further recordation was required after the initial FAA filing. *Id.* at 579.

Plaintiffs argue that since the Fourth Circuit Court of Appeals analyzed the issue under state law and relied on a statute not present in Illinois, it is reasonable to conclude that the court believed that the bank would not have otherwise been exempt from filing a continuation statement. However, in choosing to affirm the lower courts' decisions on a different basis, the court of appeals neither rejected nor accepted their analysis. Furthermore, the court of appeals interpreted

the phrase "without further recordation" in section 55—100 as not requiring additional recordation beyond the initial recordation with the FAA, and this phrase is almost the same as section 44108(b)'s statement that a security agreement is valid from the date of filing "without other recordation."

Based on the plain reading of the relevant statutes, Bridgeview's security interest in the aircraft remained perfected upon its initial recordation and retained its priority over plaintiffs' later-recorded liens. When Bridgeview sold the plane to Royal Palm, plaintiffs' liens on the plane were extinguished. See 810 ILCS 5/9—617(a)(3) (West 2008) ("[a] secured party's disposition of collateral after default *** discharges any subordinate security interest or other subordinate lien"). Therefore, the trial court properly granted Bridgeview's motion to dismiss counts I and IV. Plaintiffs' arguments requesting a reversal of the dismissal of counts II and V are also premised on the position that Bridgeview's perfection of its security interest lapsed due to the lack of a continuation statement. In rejecting this position, we affirm the dismissal of counts II and V as well. The remaining counts, counts III and VI, alleged breach of contract against Fasti and are not before us on appeal. Based on our resolution of the issues, we need not address defendants' argument that plaintiffs' liens were invalid because they were filed with the FAA rather than in the county in which the work was done. See 770 ILCS 45/2 (West 2008).

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.