NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190085-U

NO. 4-19-0085

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 23, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| U.S. BANK N.A., as Trustee on Behalf of the Holders of the J.P. Morgan Mortgage Acquisition Trust 2006-RM1 Asset Backed Pass Through Certificates, Series 2006-RM 1, | ) ) ) ) | Appeal from the Circuit Court of Macon County No. 14CH286 |
| Plaintiff-Appellee, | ) | |
| v. | ) | Honorable |
| ANTHONY J. GRASON, a/k/a ANTHONY JAMES GRASON; RONALD GRASON; CRAFTMASTERS, INC.; UNITED STATES OF AMERICA; STATE OF ILLINOIS DEPARTMENT OF REVENUE; UNKNOWN OWNERS and NON RECORD CLAIMANTS, Defendants (Ronald Grason, Defendant-Appellant). | ) ) ) ) ) ) ) ) ) | Thomas E. Little, Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff had standing to bring foreclosure proceedings. The trial court did not abuse its discretion when it granted plaintiff's motion to file a late reply to defendant's affirmative defenses.

¶ 2    Defendant, Ronald Grason, appeals the summary judgment entered in favor of plaintiff, U.S. Bank N.A., on its complaint to foreclose a mortgage. Defendant argues: (1) a material question of fact exists as to whether plaintiff had standing to bring foreclosure proceedings, (2) the trial court abused its discretion when it struck his affirmative defense that plaintiff lacked standing to bring foreclosure proceedings, (3) the court abused its discretion when

it denied his motion to amend the pleadings to assert as a new affirmative defense that plaintiff lacked standing to bring foreclosure proceedings for a different reason than previously alleged, (4) the court erred in denying his motion to dismiss the complaint because plaintiff lacked standing to bring foreclosure proceedings, (5) the court abused its discretion when it confirmed the sale of the mortgaged property because plaintiff lacked standing to bring a foreclosure proceeding, and (6) the court erred when it granted plaintiff's motion to file a late reply to defendant's second set of affirmative defenses. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On December 22, 2014, plaintiff filed its complaint to foreclose a mortgage on property owned by defendant. In its complaint, plaintiff identified the original mortgagee as "[Mortgage Electronic Registration Systems, Inc.], as Nominee for ResMae Mortgage Corporation [(ResMae)]." Plaintiff attached to its complaint a copy of the subject mortgage (the Mortgage), originally dated May 22, 2006, which was signed by defendant. Plaintiff also attached to its complaint a copy of an "Assignment of Mortgage" pursuant to which ResMae's interest in the Mortgage had been transferred to plaintiff. In support of its claim to be the current mortgagee, plaintiff attached a copy of an "adjustable rate note" (the Note), also dated May 22, 2006. Adjacent to the signature block of the Note was a stamp from ResMae which stated, "Pay to the order of _____ without recourse." Under the stamp was the signature of ResMae's collateral control manager.

¶ 5            On March 10, 2015, defendant filed an answer, affirmative defenses, and a counterclaim. Among the affirmative defenses pleaded by defendant, he alleged, "[Plaintiff] is not an interested party duly authorized to bring its instant foreclosure complaint and fails to provide any documentation whatsoever evidencing its authority to file the instant complaint." Specifically,

defendant challenged the "validity" of the assignment of the Mortgage to plaintiff. Plaintiff subsequently filed a motion to strike defendant's affirmative defenses and dismiss defendant's counterclaim. After a hearing, the trial court struck defendant's counterclaim with prejudice and struck defendant's affirmative defenses without prejudice. Defendant subsequently filed a second set of affirmative defenses which were identical to those initially pleaded. Almost four months later, over defendant's objection, plaintiff successfully petitioned the court for leave to file a reply to defendant's second set of affirmative defenses. Plaintiff filed a reply as well as a motion to strike defendant's affirmative defenses, which was subsequently granted.

¶ 6 Defendant filed a third set of affirmative defenses, making the same allegations contained in the first two sets. In response, plaintiff again filed a motion to strike defendant's affirmative defenses. Prior to a hearing on plaintiff's motion to strike, defendant filed a "Motion for Leave to File Amended Pleadings." In defendant's motion, he asserted as a new affirmative defense that plaintiff was not "the holder of the indebtedness," and, consequently, was not entitled to bring a foreclosure action under the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2012)). Specifically, defendant asserted that "the attached copy of the [N]ote demonstrates on its face it is payable to [ResMae]. The [N]ote is not endorsed in blank or to an identifiable person or entity."

¶ 7 On October 25, 2016, the trial court conducted a hearing on plaintiff's motion to strike defendant's affirmative defense and on defendant's motion for leave to amend the pleadings. Regarding plaintiff's motion, defendant argued his affirmative defense that plaintiff lacked standing to bring a foreclosure action was meritorious because there was "no record of [the Note] ever be[ing] endorsed and [*sic*] blank or to any identifiable person—and that's the reason for my amended pleadings to—because in Illinois, *** you have to sue on the note, not the mortgage."

Regarding defendant's motion, defendant argued that he "d[idn't] think" the stamp on the Note was an endorsement in blank. Following the hearing, the trial court struck defendant's affirmative defenses with prejudice and denied defendant's motion to file amended pleadings.

¶ 8        On January 25, 2017, plaintiff filed a motion for summary judgment. In his response to plaintiff's motion for summary judgment, defendant argued plaintiff "lack[ed] a security interest and should not be allowed to pursue this foreclosure action" because "[plaintiff] received an assignment of the [M]ortgage without transfer of the [N]ote." In addition to defendant's response to plaintiff's motion for summary judgment, he also filed a motion to dismiss plaintiff's complaint in which he alleged plaintiff lacked standing to bring foreclosure proceedings because plaintiff only held "an assignment of the [M]ortgage without the accompanying indebtedness." Following a hearing, the trial court denied defendant's motion to dismiss plaintiff's complaint and granted plaintiff's motion for summary judgment.

¶ 9        On March 16, 2017, the trial court entered a judgment of foreclosure and sale in favor of plaintiff. The property subject to the Mortgage was sold at a sheriff's sale on August 14, 2018. The court confirmed the sale on November 20, 2018, over defendant's objection that plaintiff lacked standing to bring a foreclosure proceeding. The court subsequently denied defendant's "Motion to Reconsider and or Vacate the Order of Confirmation of Sale" in which defendant alleged plaintiff had not "demonstrated procession [*sic*] of any 'note' linking and or connecting their right to foreclosure under the [Illinois Mortgage Foreclosure Law]."

¶ 10       This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12       On appeal, defendant argues: (1) a material question of fact exists as to whether plaintiff had standing to bring foreclosure proceedings, (2) the trial court abused its discretion

- 4 -

when it struck his affirmative defense that plaintiff lacked standing to bring foreclosure proceedings, (3) the court abused its discretion when it denied his motion to amend the pleadings to assert as a new affirmative defense that plaintiff lacked standing to bring foreclosure proceedings for a different reason than previously alleged, (4) the court erred in denying his motion to dismiss the complaint because plaintiff lacked standing to bring foreclosure proceedings, (5) the court abused its discretion when it confirmed the sale of the mortgaged property because plaintiff lacked standing to bring a foreclosure proceeding, and (6) the court erred when it granted plaintiff's motion to file a late reply to defendant's second set of affirmative defenses.

¶ 13    We first address defendant's contention that summary judgment was improper because a material question of fact exists as to whether plaintiff had standing to foreclose on the Mortgage. Summary judgment is appropriate only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). "The purpose of a summary-judgment proceeding is not to try an issue of fact, but instead, to determine whether a genuine issue of material fact exists." *Essig v. Advocate BroMenn Medical Center*, 2015 IL App (4th) 140546, ¶ 38, 33 N.E.3d 288. Our review of a summary judgment ruling is *de novo*. *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 15, 989 N.E.2d 591.

¶ 14    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262, 807 N.E.2d 439, 447 (2004). The doctrine "requires a person seeking to invoke the jurisdiction of the court to have some real interest in the cause of action or a legal or equitable right, title or interest in the subject matter of the controversy." *Ferguson v. Patton*, 2013 IL 112488, ¶ 27, 985

N.E.2d 1000.

¶ 15      Defendant correctly argues that the assignment of the Mortgage alone was insufficient to confer upon plaintiff standing to foreclose on defendant's property. See *Moore v. Lewis*, 51 Ill. App. 3d 388, 391, 366 N.E.2d 594, 599 (1977) ("[A] mortgage, which in this state is only regarded as a mere incident to the debt [citation], is not assignable at law."). However, plaintiff does not argue that it had standing to bring foreclosure proceedings pursuant to the assignment of the Mortgage. Rather, plaintiff contends its standing arose from possession of the Note, which is indorsed in blank.

¶ 16      As an initial matter, we find that the stamp impressed upon the Note is a blank indorsement. The Uniform Commercial Code defines an "indorsement" as:

> "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement." 810 ILCS 5/3-204(a) (West 2012).

A "special indorsement" is one "made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable." 810 ILCS 5/3-205(a) (West 2012). "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' " 810 ILCS 5/3-205(b) (West 2012). Here, the stamp on the Note was signed by an employee of ResMae, the

original holder of the Note, and there is no indication the signature was meant to serve as anything but an indorsement. Because the indorsement did not identify a person to whom the Note was payable, the indorsement was a "blank indorsement."

¶ 17        "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." *Id.*; see also *Brenner v. Franke*, 18 Ill. App. 2d 202, 209, 151 N.E.2d 650, 653 (1958) ("Endorsement in blank made title to the note pass by delivery."). "A transfer of a note constitutes an assignment of the mortgage securing the debt, and thus the bearer of the note is deemed the mortgagee, authorized to bring foreclosure proceedings." *U.S. Bank Trust National Ass'n v. Hernandez*, 2017 IL App (2d) 160850, ¶ 18, 88 N.E.3d 1056; see 735 ILCS 5/15-1208(i) (West 2012) (defining "mortgagee" as "the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage or any person designated or authorized to act on behalf of such holder"); see also *Moore*, 51 Ill. App. 3d at 392 ("[T]ransfer of the debt carrie[s] with it the mortgage security."). Therefore, possession of a note indorsed in blank is sufficient to establish standing to foreclose upon a mortgage absent a contrary showing. *U.S. Bank Trust National Ass'n*, 2017 IL App (2d) 160850, ¶ 18.

¶ 18        Here, the Note contained a blank indorsement from ResMae. Defendant makes no argument and has presented no facts that would refute the legitimacy of the indorsement or that would otherwise call into question plaintiff's possession of the Note. Therefore, because the Note is payable to plaintiff, plaintiff had standing to bring the foreclosure proceeding because it had a "real interest in the cause of action." *Ferguson*, 2013 IL 112488, ¶ 27. Accordingly, the trial court's order for summary judgment in favor of plaintiff was proper.

¶ 19        Our finding that plaintiff had standing to foreclose upon the Mortgage renders irrelevant all but defendant's last contention on appeal because all of defendant's other contentions

were based upon the allegation that plaintiff lacked standing. Therefore, we decline to address those issues.

¶ 20 Defendant's final contention on appeal is that the trial court erred when it granted plaintiff's motion to file a late reply to defendant's second set of affirmative defenses. Plaintiff failed to file its response to these affirmative defenses by September 15, 2015, the date set by the court. See Ill. S. Ct. R. 182(a) (eff. Jan. 1, 1967) (requiring that any pleadings subsequent to a reply to an answer "shall be filed at such time as the court may order"). However, Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011) provides, "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading *** which is required by the rules to be done within a limited period, either before or after the expiration of the time." Our supreme court has found "the plain language of Rule 183 specifically makes good cause a prerequisite to relief" and "the burden of establishing good cause rests on the party seeking relief under Rule 183." *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353, 875 N.E.2d 1065, 1078 (2007). There is no set definition of "good cause;" rather, such a finding is "fact-dependent and rests within the sound discretion of the circuit court." *Id.* "Absent an abuse of discretion, the decision of the circuit court on this issue will not be disturbed." *Id.* at 354.

¶ 21 Almost three months after the date set by the trial court for plaintiff to file a reply to defendant's second set of affirmative defenses, plaintiff filed its motion for leave to file a reply. A hearing was held on plaintiff's motion, but a record of that proceeding is not before us. Without that record, we cannot say that the trial court abused its discretion in granting plaintiff's motion for good cause. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the

order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.").

¶ 22                                    III. CONCLUSION

¶ 23          For the reasons stated, we affirm the trial court's judgment.

¶ 24          Affirmed.