# Illinois Official Reports

## Appellate Court

---

### *Corlis v. Edelberg*, 2018 IL App (1st) 170049

---

| | |
|---|---|
| Appellate Court Caption | LANCE CORLIS, Plaintiff-Appellee, v. JOHANA EDELBERG and UNKNOWN OCCUPANTS, Defendants (Johana Edelberg, Defendant-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-17-0049 |
| Filed | August 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-710251; the Hon. John J. Curry Jr., Judge, presiding. |
| Judgment | Reversed in part and vacated in part; cause remanded. |
| Counsel on Appeal | Jeffrey S. Sobek, of JS Law, of Chicago, for appellant.<br><br>No brief filed for appellee. |
| Panel | JUSTICE GRIFFIN delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Mikva concurred in the judgment and opinion. |

**OPINION**

¶ 1         Plaintiff Lance Corlis filed an eviction action against defendant Johana Edelberg in the circuit court of Cook County seeking an order of possession and a money judgment under the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2016)). Following two failed attempts to serve defendant, plaintiff filed a "Motion for Alternate Service" pursuant to section 2-203.1 of the Code of Civil Procedure (Code) (*id.* § 2-203.1), which allows a plaintiff to serve an individual defendant by special order of court. The trial court granted plaintiff's motion and ordered defendant to be served in a specific manner. Defendant failed to appear for court, and the trial court entered an *ex parte* order of possession and money judgment against her.

¶ 2         Defendant filed a combined motion to vacate the trial court's judgment and quash service of process arguing that she was not served in accordance with the constructive service requirements of the Act[1] (*id.* § 9-107). The trial court vacated its judgment and eventually denied defendant's motion to quash service of process. Defendant again failed to appear for court, and the trial court entered an *ex parte* order of possession and money judgment against her.

¶ 3         Defendant appeals the trial court's judgment, arguing that (1) the trial court erred when it denied her motion to quash service of process and (2) the trial court's judgment is void for lack of personal jurisdiction. Plaintiff failed to file a brief in response. We reverse.

¶ 4                                       BACKGROUND

¶ 5         On June 16, 2016, plaintiff filed a complaint for eviction seeking an order of possession and a money judgment in the amount of $2800 for "rent late fees, rent and late fees that accrue up to and including judgment, unpaid utilities, and any damages to premises." Following two failed attempts to serve defendant with an "eviction summons for trial," plaintiff filed a "Motion for Alternate Service" pursuant to section 2-203.1 of the Code and requested that defendant be served "via regular mail to Defendant or by any other means directed by this Court." On August 25, 2016, the trial court granted plaintiff's motion and ordered defendant to be served by "certified mail, regular mail, overnight delivery + posting of notice on that door of apartment + photo evidence of same." Defendant failed to appear for court, and the trial court entered an *ex parte* order of possession and money judgment in the amount of $11,200 in favor of plaintiff. The trial court stayed enforcement of its judgment until September 29, 2016.

¶ 6         On September 23, 2016, defendant filed a combined motion to vacate the trial court's judgment and quash service of process. The trial court granted defendant's motion to vacate and set a briefing schedule on defendant's motion to quash. Defendant filed two memorandums in support of her motion to quash, arguing that service of process pursuant to section 2-203.1 of the Code is improper in an eviction action and that plaintiff failed to serve defendant in accordance with section 9-107 of the Act. The trial court denied defendant's motion, and defendant failed to appear for court thereafter. On December 22, 2016, the trial court entered an *ex parte* order of possession and a money judgment in the amount of $19,600 in favor of plaintiff.

_____

[1]Title of article IX of the Code changed from "Forcible Entry and Detainer" to "Eviction" effective January 1, 2018. See Pub. Act 100-173 (eff. Jan. 1, 2018) (amending 735 ILCS 5/9-101 *et seq.*).

¶ 7      Defendant appeals the trial court's judgment, arguing that the trial court erred when it (1) ordered defendant to be served in a manner that failed to comply with the constructive service requirements of section 9-107 of the Act and (2) entered a money judgment against defendant though she had not generally appeared and was not served with summons as required by section 9-107 of the Act. As a result of the trial court's errors, defendant argues, the trial court's order of possession and money judgment are void for lack of personal jurisdiction.

¶ 8                                        ANALYSIS

¶ 9      The issue on appeal is whether the trial court erred when it denied defendant's motion to quash service of process such that its judgment is void for lack of personal jurisdiction. See *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 12 (a judgment entered without personal jurisdiction is void regardless of whether the defendant had actual knowledge of the proceedings and may be attacked directly or collaterally at any time). We review *de novo* the question of whether the trial court obtained personal jurisdiction over defendant. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. To the extent that our resolution of the issue on appeal requires a comparison of section 9-107 of the Act and section 2-203.1 of the Code, our review is *de novo*. *Spanish Court Two Condominium Ass'n v. Carlson*, 2014 IL 115342, ¶ 13.

¶ 10     When the language of a statute is clear and unambiguous, a court must give effect to the plain and ordinary meaning of the language without resort to other tools of statutory construction. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 255 (2004). If the plain language of two statutes conflicts, we will attempt to construe them together, *in pari materia*, if such an interpretation is reasonable. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332 (2008). Fundamentally, we view all provisions of an enactment as a whole and interpret its words and phrases in light of other relevant provisions. *Raintree Homes*, 209 Ill. 2d 248 at 255-56. We construe the statute so that each word, clause, or sentence is given reasonable meaning and not deemed superfluous or void. *Id.* at 256.

¶ 11              I. Section 9-107 of the Forcible Entry and Detainer Act

¶ 12     We hold that section 9-107 of the Act governs constructive service of process in eviction actions. See *Abruzzo*, 231 Ill. 2d at 346 (Illinois courts presume that the legislature intended the more specific statute to govern when a general statutory provision and a more specific one relate to the same subject). A cursory review of the statute reveals that section 9-107 of the Act is specific to constructive service of process in eviction actions (see 735 ILCS 5/9-107 (West 2016)), while section 2-203.1 of the Code applies to civil cases generally (see *id.* § 2-203.1). Under section 9-107 of the Act, our legislature decided how a defendant is constructively served in an eviction action. See *id.* § 9-107. Under section 2-203.1 of the Code, that decision is the left to the trial court. See *id.* § 2-203.1 ("The court may order service to be made in any manner consistent with due process."). Accordingly, section 9-107 of the Act governs constructive service of process in eviction actions and applies in this eviction case.

¶ 13                              II. Strict Compliance

¶ 14     Strict compliance with section 9-107 of the Act's requirements is mandatory. *Cotton*, 2012 IL App (1st) 102438, ¶ 15 (strict compliance with statutes governing service of process is required). Unlike other civil actions, an eviction action is an expedited, summary proceeding

- 3 -

where the parties may only litigate those matters that are closely related and connected to the action's distinctive purpose: to restore possession of the property to the party that has the right of possession. *Avenaim v. Lubecke*, 347 Ill. App. 3d 855, 861 (2004) (eviction action is a summary proceeding); *Carlson*, 2014 IL 115342, ¶ 43 (Freeman, J., dissenting) (citing *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 256-57 (1970)); 735 ILCS 5/9-106 (West 2016) ("no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise").

¶ 15        Moreover, a defendant who is served with summons in an eviction action need not answer the complaint and must appear for trial on the summons' return date. Ill. S. Ct. R. 181(b)(2) (eff. Jan. 4, 2013) (defendant need not file an answer unless ordered by the court and when no answer is ordered, the allegations of the complaint will be deemed denied and any defense may be proved as if it were specifically pleaded); see also Ill. S. Ct. R. 101(b)(2) (eff. Jan. 1, 2016) (eviction summons requires defendant to appear not less than 7 or more than 40 days after issuance). Not to mention, Illinois statute requires all trial courts to use a standardized eviction order.[2] See 735 ILCS 5/9-109.6 (West Supp. 2017) ("standardized residential eviction order form, as determined by the Supreme Court, shall be used statewide").

¶ 16                    III. Constructive Service of Process in an Eviction Action

¶ 17        As with all civil actions, a plaintiff in an eviction action must properly serve an individual defendant with process in order to vest the trial court with the personal jurisdiction necessary to enter judgment. *Cotton*, 2012 IL App (1st) 102438, ¶ 12 (a judgment entered without personal jurisdiction is void). Section 2-203 of the Code governs service of process upon individual defendants generally and allows a plaintiff to serve a defendant with summons either personally or by leaving a copy of the summons at the defendant's usual place of abode with either a family member or resident who is at least 13 years old. 735 ILCS 2-203(a)(1)-(2) (West 2016). In an eviction action for an order of possession, a plaintiff that is unable to serve a defendant pursuant to section 2-203 of the Code must turn to section 9-107 of the Act and serve a defendant constructively. *Id.* § 9-107 (allowing constructive service of process where a plaintiff is "unable to obtain personal service on the defendant or unknown occupant and a summons duly issued in such action is returned without service stating that service can not be obtained").

¶ 18                                A. Order of Possession

¶ 19        Section 9-107 of the Act sets out the specific procedure by which a plaintiff seeking an order of possession must constructively serve a defendant. First, a plaintiff must demonstrate that he or she is unable to obtain personal service upon a defendant by filing an affidavit stating that the defendant or unknown occupant is "not a resident of this State, or has departed from this State, or on due inquiry cannot be found" or is "concealed within the State," and "that upon diligent inquiry the affiant has not been able to ascertain the defendant's or unknown occupant's place of residence." *Id.* Upon satisfying the affidavit requirements of section 9-107 of the Act, a plaintiff may constructively serve a defendant in one of two ways: (1) "posting

---

[2]This standardized form can be found on the Illinois Courts website. See Ill. Sup. Ct., Eviction Order (Dec. 2017), http://www.illinoiscourts.gov/Forms/approved/eviction/Eviction_Order_Approved .pdf.

and mailing of notices" or (2) "publication and mailing" pursuant to section 2-206 of the Code (*id.* § 2-206). *Id.* § 9-107.

¶ 20 Each of the two types of constructive service of process is specific and, as we discussed, strict compliance with their respective requirements is mandatory. *Cotton*, 2012 IL App (1st) 102438, ¶ 15. We highlight the posting and mailing requirements of section 9-107 of the Act here because the trial court did not order defendant to be served by publication.

¶ 21 When a plaintiff serves a defendant by posting and mailing of notices, the notices must:

> "be in the name of the clerk of the court, be directed to the defendant or unknown occupant, shall state the nature of the cause against the defendant or unknown occupant and at whose instance issued and the time and place for trial, and shall also state that unless the defendant or unknown occupant appears at the time and place fixed for trial, judgment will be entered by default, and shall specify the character of the judgment that will be entered in such cause." 735 ILCS 5/9-107 (West 2016).

The notices must also be served by the sheriff in accordance with the following procedure:

> "The sheriff shall post 3 copies of the notice in 3 public places in the neighborhood of the court where the cause is to be tried, at least 10 days prior to the day set for the appearance, and, if the place of residence of the defendant or unknown occupant is stated in any affidavit on file, shall at the same time mail one copy of the notice addressed to such defendant or unknown occupant at such place of residence shown in such affidavit. On or before the day set for the appearance, the sheriff shall file the notice with an endorsement thereon stating the time when and places where the sheriff posted and to whom and at what address he or she mailed copies as required by this Section. For want of sufficient notice any cause may be continued from time to time until the court has jurisdiction of the defendant or unknown occupant." *Id.*

A plaintiff that strictly complies with the posting and mailing (or publication and mailing) requirements of section 9-107 of the Act properly effects constructive service of process upon a defendant and can obtain an order of possession, only.

¶ 22 B. Money Judgment

¶ 23 Under section 9-107 of the Act, a plaintiff that properly serves a defendant by "posting and mailing" or "publication and mailing" *cannot* obtain a money judgment against a defendant for unpaid rent until the defendant "appears generally" or "is served with summons." *Id.* ("court shall not enter judgment as to any rent claim joined in the complaint" "until such time as the defendant or unknown occupant appears generally or is served with summons"). Section 9-107 of the Act's use of the words "served with summons" is a reference to section 2-203 of the Code, which allows a plaintiff to serve an individual defendant with summons either personally or by leaving a copy of the summons at the defendant's usual place of abode with either a family member or resident who is at least 13 years old. *Id.* § 2-203(a)(1)-(2). Therefore, section 9-107 of the Act does not set out a procedure by which a plaintiff seeking a money judgment on a claim of rent may constructively serve a defendant. However, given section 9-107 of the Act's reference to section 2-203 of the Code, if a plaintiff does not want to wait until a defendant generally appears and has not served a defendant with summons, he or she may comply with section 2-203.1 of the Code and serve the defendant by special order of

court to obtain a money judgment.

### IV. The Trial Court's Order of Possession and Money Judgment

Moving to the case at hand, we hold that the trial court erred when it denied defendant's motion to quash service of process and its judgment is void for lack of personal jurisdiction. See *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006) (when a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant and a judgment entered against him or her is void). Here, plaintiff's "Motion for Alternate Service" *and* the trial court's order granting plaintiff's motion failed to comply with the posting and mailing requirements of section 9-107 of the Act.

First, plaintiff asked the trial court for permission to serve defendant in manner clearly out of accord with the strict requirements of section 9-107 of the Act: "via regular mail to Defendant or by any other means directed by this Court." We note that plaintiff's motion even failed to comply with the statutory section under which it was filed, section 2-203.1 of the Code, because plaintiff did not attach the required affidavit to her motion. See 735 ILCS 5/2-203.1 (West 2016) ("The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful."). Plaintiff's "Motion for Alternate Service" failed to comply with either section 9-107 of the Act or section 2-203.1 of the Code in the first place.

Second, the trial court's order specifying the manner in which defendant was to be served ("certified mail, regular mail, overnight delivery + posting of notice on that door of apartment + photo evidence of same") failed to comply with the posting and mailing requirements of section 9-107 of the Act. Noticeably absent from the trial court's order is the requirement that the sheriff post three copies of the notice in three public places. See *id.* § 9-107 ("[t]he sheriff shall post 3 copies of the notice in 3 public places in the neighborhood of the court where the cause is to be tried"). The trial court's order also fails to mention the word sheriff, let alone the sheriff's required role in the notification and mailing process. See *id.* ("[o]n or before the day set for the appearance, the sheriff shall file the notice with an endorsement thereon stating the time when and places where the sheriff posted and to whom and at what address he or she mailed copies as required").

Third, the trial court entered a money judgment against defendant though she had not generally appeared and was not served with summons. The trial court's money judgment, therefore, ran afoul of section 9-107 of the Act's specific requirement that a claim of rent remain pending until defendant "appears generally or is served with summons." *Id.* ("the court shall not enter judgment as to any rent claim joined in the complaint" "until such time as the defendant or unknown occupant appears generally or is served with summons").

Accordingly, the trial court erred when it denied defendant's motion to quash service of process, and its order of possession and money judgment are void for lack of personal jurisdiction.

¶ 30                                    CONCLUSION

¶ 31        We reverse the trial court's denial of defendant's motion to quash service of process. The trial court's order of possession and money judgment are void for lack of personal jurisdiction. We vacate the trial court's order of possession and money judgment and remand for further proceedings in accord with this opinion.

¶ 32        Reversed in part and vacated in part; cause remanded.