2023 IL App (1st) 220895-U

No. 1-22-0895

Order filed October 26, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LEASING & MANAGEMENT (GILL PARK CO-OP), | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 2021 M1 702776 |
| THELMA M. LASLEY and ALL UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Joseph D. Panarese, |
| (Thelma M. Lasley, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE OCASIO III delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's appeal is dismissed where she failed to present an adequate record on
appeal and failed to comply with the requirements of Illinois Supreme Court Rule
341 (eff. Oct. 1, 2020) as to the contents of her appellant's brief.

¶ 2 Defendant Thelma M. Lasley appeals *pro se* from an eviction order entered by the circuit court, after a bench trial, granting possession of a particular property to plaintiff Leasing & Management (Gill Park Co-Op).

¶ 3 The following background is derived from the limited record on appeal, which includes, *inter alia*, the parties' pleadings, summonses and subpoenas, various motions, agreed orders, and the eviction order. No report of proceedings is included in the record.

¶ 4 On July 27, 2021, Gill Park Co-Op filed a complaint against Ms. Lasley and "all unknown occupants" of a residence on Grace Street, claiming it was entitled to possession of the premises. Gill Park Co-Op claimed that Ms. Lasley had breached the terms of her lease by violating her occupancy agreement and United States Department of Housing and Urban Development regulations. Specifically, Gill Park Co-Op alleged that Ms. Lasley was "overhoused" in a three-bedroom unit, had twice refused to transfer to a different unit, and had been seen on a security video "wiping a foreign substance and/or germs on the door handles in attempt to get management and/or residents sick."

¶ 5 On January 28, 2022, through an attorney, Ms. Lasley filed an answer to the complaint, denying Gill Park Co-Op's allegations. On May 9, 2022, her attorney filed a motion to withdraw as counsel, citing irreconcilable differences. On May 16, 2022, the circuit court granted the attorney's motion to withdraw, stating, in a written agreed order, that Ms. Lasley "shall retain new counsel within 21 days or proceed to trial *pro se* on June 6, 2022."

¶ 6 On June 6, 2022, the circuit court entered a written eviction order, ruling that, after a trial at which Gill Park Co-Op, its attorney, and Ms. Lasley were present in court, Gill Park Co-Op was given possession of the property in question. The court further ordered Ms. Lasley to move out of

the property on or before September 30, 2022. It does not appear from the record that Ms. Lasley filed a motion to reconsider.

¶ 7   Ms. Lasley filed a *pro se* notice of appeal on June 13, 2022. Under the section where she was asked to state her requested relief, Ms. Lasley wrote: "[W]ant a fair trial. Paid for jury of 12 people and didn't have. Want justice." In her *pro se* brief, she generally alleges the existence of fraud, false accusations, untruthful testimony, a lack of evidence, and a violation of her rights. She requests that this court "stop action," stating she is not guilty of any wrongdoing, "especially taking advantage of government funds."

¶ 8   As an initial matter, we must address the inadequacy of the record and Ms. Lasley's brief.

¶ 9   Ms. Lasley has not included a transcript of proceedings from the June 6, 2023, trial, nor has she provided a substitute, such as a bystander's report or an agreed statement of facts, pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017). Our supreme court has long held that, to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record, and that any doubts arising from an incomplete record must be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of transcripts or acceptable substitutes, it is presumed that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis. *Watkins v. Office of the State Appellate Defender*, 2012 IL App (1st) 111756, ¶ 19. In the absence of a proper record, this court may summarily affirm the trial court's judgment or dismiss the appeal. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 10   An order for eviction is final and appealable. See *Royalty Farms, LLC v. Forest Preserve District of Cook County*, 2017 IL App (1st) 161409, ¶ 22. In determining whether a circuit court

erred in entering an eviction order under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2020)), the standard of review is whether the ruling was against the manifest weight of the evidence. *Wendy & William Spatz Charitable Foundation v. 2263 North Lincoln Corp.*, 2013 IL App (1st) 122076, ¶ 27. A finding is against the manifest weight of the evidence only if the record shows that the opposite conclusion is clearly evident or that the findings of fact are unreasonable, arbitrary, and not based upon the evidence. *Id.*

¶ 11    Given the applicable standard of review, we are unable to evaluate the merits of the appeal without a transcript or an appropriate substitute. *Cf. National Collegiate Student Loan Trust 2007-2 v. Powell*, 2022 IL App (2d) 210191, ¶ 30 (explaining that a transcript may be unnecessary when an appeal raises a question of law that is reviewed *de novo*). Here, the record does not reveal what evidence was presented at the trial, what arguments the parties made, or what constituted the basis for the circuit court's eviction order. As such, we cannot determine whether the order was against the manifest weight of the evidence. Instead, we must presume that the court's eviction order followed the law and had a sufficient factual basis. *Graves*, 2020 IL App (1st) 181516, ¶ 39.

¶ 12    In addition to the inadequacy of the record, we observe that Ms. Lasley's brief is lacking in many respects. Relevant here, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that the appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). When an appellant fails to comply with Rule

341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. That Ms. Lasley is representing herself in this appeal does not relieve her of the obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 13    Here, Ms. Lasley's brief includes a lengthy recitation of facts and grievances, but it does not contain cohesive legal arguments, reasoned bases for its contentions, citations to the record, or citations to legal authorities. In the appendix to her brief, Ms. Lasley has attached copies of documents that, because they are not included in the record, we may not consider on appeal. See *Harris v. Old Kent Bank*, 315 Ill. App. 3d 894, 898-99 (2000).

¶ 14    We are mindful that this court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, Gill Park Co-Op filed an appellee's brief arguing that Ms. Lasley waived her jury demand and that her appeal should be dismissed for failing to comply with Illinois Supreme Court Rules 341 (eff. Oct. 1, 2020) and 342 (eff. Oct. 1, 2019). To the extent that Ms. Lasley intends to argue that her statutory right to a jury trial was denied, see 735 ILCS 5/9-108 (West 2020) (allowing either party to demand a jury trial in eviction cases involving residences), the absence of a transcript makes it impossible for us to discern whether she had a bench trial or whether, as Gill Park Co-Op contends, she waived her jury right.[1] Otherwise, Gill Park Co-Op's brief does not help us understand what issues Ms. Lasley

---

[1] Gill Park Co-Op's brief asserts that the trial court entered a posttrial order reflecting that Ms. Lasley had previously waived her right to a jury trial and, on the date of trial, once again declined a jury. That order is not found in the record, and neither party has provided it to us.

intends to raise, and we decline to make arguments for her. See *Thrall Car Manufacturing Co.*, 145 Ill. App. 3d at 719.

¶ 15    In summary, Ms. Lasley has failed to provide a record sufficient to review the circuit court's judgment, and her brief fails to comply with Rule 341(h)(7). For these reasons, we dismiss her appeal.

¶ 16    Appeal dismissed.