2023 IL App (1st) 221113-U

No. 1-22-1113

November 7, 2023

SECOND DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KINDRED 3 REAL ESTATE SERVICES, LLC, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 21 M1 704754 |
| PATRICIA BRECKENRIDGE and SEAN BARBER, | ) ) ) | Honorable |
| | ) | Eileen M. O'Connor, |
| Defendants-Appellants. | ) | Judge Presiding |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices Ellis and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   We affirm the judgment of the trial court when appellant has failed to furnish a sufficient record such that error can be determined.

¶ 2    Defendant Patricia Breckenridge appeals *pro se* from the trial court's order granting

possession of an apartment in a building on the 1400 block of East Hyde Park Boulevard in

Chicago (apartment) to plaintiff Kindred 3 Real Estate Services, LLC.[1] On appeal, Breckenridge contends that plaintiff's employees committed "bodily harm" to her son, and plaintiff was "negligent" in pursuing this case because it was a retaliatory eviction. She further contends that the trial court failed to ask questions and forced her to " 'self-evict' " by failing to explain the right to trial by jury, and that her attorneys were negligent and conspired with plaintiff.[2] We affirm.

¶ 3       The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record, which includes plaintiff's complaint, Breckenridge's *pro se* filings, and the trial court's orders.

¶ 4       On October 15, 2021, plaintiff filed a complaint in the trial court seeking possession of the apartment, alleging that defendants, Breckenridge and Sean Barber, were "[h]olding over after the tenancy *** ended." Attached were, relevant here, copies of a lease and the "120 Day" notice.

¶ 5       The lease, dated January 26, 2017, was for the term January 26, 2017, to August 31, 2017, and was signed by defendants. A June 1, 2021, letter addressed to defendants stated that "the term of your lease agreement is month-to-month," that the landlord had "elected" not to renew the "month-to-month agreement," and that defendants must vacate and surrender the apartment no later than September 30, 2021. The letter further stated, "This Notice of Non-Renewal is given at least 120 days prior to the termination of said lease in Compliance with the City of Chicago's 'Fair Notice Ordinance.' "

---

[1] The record reflects that Breckenridge and Sean Barber were defendants in the circuit court proceeding and both signed the *pro se* notice of appeal filed in this case. However, only Breckenridge signed the *pro se* appellant's brief.

[2] The *pro se* notice of appeal identified Traci Stanford and Darian Irving as parties, although they were not named parties in the eviction proceeding. In her *pro se* brief, Breckenridge identified additional parties, including her counsel and plaintiff's counsel, that were not parties to the eviction proceeding.

¶ 6    Defendants appeared through counsel. On March 16, 2022, the trial court entered an order giving defendants 14 days to answer or otherwise plead.

¶ 7    On March 30, 2022, the trial court entered an order stating that the parties were "in agreement" to settle all matters, that all claims for rent and counterclaims were dismissed, and that defendants would vacate the apartment on or before May 18, 2022. The order further stated that if defendants timely vacated, the matter would be dismissed with prejudice and the file would remain sealed. However, if defendants did not timely vacate, a possession order would be entered *instanter*.

¶ 8    On May 10, 2022, defendants' counsel filed a motion to withdraw as counsel.

¶ 9    On May 18, 2022, Breckenridge filed a *pro se* "Motion to Dismiss," "Quash," and "Deny Counsel Withdrawal." She alleged warranty of habitability violations in the apartment, retaliation due to "tenant" refusal to pay for the landlord's bedbug infestation, and that repair requests were ignored. Additionally, she alleged a variety of procedural defects in the eviction proceeding and ineffective assistance of counsel for failure to appear and proceed to a jury trial when Breckenridge paid for representation at a jury trial. The motion further alleged that trial counsel also represented plaintiff, that plaintiff, "manager" Traci Stanford, and trial counsel did not help Breckenridge apply for rental assistance, and that plaintiff refused to accept rental assistance and did not provide an option to " 'pay and stay.' " The motion sought a refund from trial counsel if the court permitted counsel to withdraw and to file a counterclaim for damages.

¶ 10    The record reflects that on May 19, 2022, the trial court held a compliance status hearing. In its order, the court noted that the "gist" of Breckenridge's motions was that she did not agree to the "compliance move-out date." The court further noted that plaintiff offered a new move-out

date, Breckenridge made a counteroffer, a new move-out date was agreed to, and that Breckenridge was "duly sworn under oath" and testified as to the new move-out date and all other terms of the agreement. The trial court therefore entered an agreed order that (1) Breckenridge and all other unknown occupants would vacate the premises on or before July 17, 2022; (2) plaintiff's claims against the "tenant" were dismissed with prejudice; (3) the "tenant" claims against plaintiff and its employees and attorney were dismissed with prejudice and that this provision would remain in effect regardless of whether Breckenridge timely vacated; (4) if Breckenridge "timely" vacated, the cause would be dismissed with prejudice and the sealing order would remain in effect; and (5) if Breckenridge did not timely vacate, an order for possession would be signed *instanter*.

¶ 11    On the same day, the trial court found a conflict of interest between Breckenridge and trial counsel based upon Breckenridge's allegations and granted trial counsel leave to withdraw over plaintiff's and Breckenridge's objections. The record further reflects that Breckenridge's motion to dismiss, quash, and deny counsel's withdrawal was withdrawn with prejudice.

¶ 12    On May 23, 2022, Breckenridge filed a *pro se* motion seeking to dismiss and quash the case. The motion further sought to "rescind" the trial court's order granting trial counsel leave to withdraw, to enforce a "legal demand letter" for back rent and repairs, to deny plaintiff's retaliatory eviction, and to vacate the allegations made against trial counsel. The motion also reiterated the claims made in Breckenridge's prior motion.

¶ 13    On May 24, 2022, the trial court struck the motion as moot due to the valid settlement agreement reached on May 19, 2022.

¶ 14    On June 1, 2022, Breckenridge filed a *pro se* counterclaim against plaintiff, Stanford, and "Landlord" Darion Irving alleging violations of the warranty of habitability, "landlord

harassment," retaliatory eviction, "repair negligence," and violations of the Chicago Residential Tenant Landlord Ordinance and "state statutes." She submitted a revision on June 2, 2022, alleging that although pandemic requirements mandated that landlords negotiate with tenants, plaintiff refused to accept rental assistance and to repair the apartment. Breckenridge sought $60,000 for repairs, damages, and emotional stress.

¶ 15    On June 28, 2022, new counsel filed an appearance on Breckenridge's behalf.

¶ 16    On July 18, 2022, the trial court held a compliance hearing. Plaintiff, plaintiff's attorney, and defendants were present in court. Following the hearing, the court determined that defendants failed to comply with a previous agreed order and entered an eviction order against defendants, ordering that defendants vacate the apartment on or before August 1, 2022. The trial court entered the order for possession *instanter*, struck Breckenridge's counterclaim as moot, and ordered that the casefile remain sealed.

¶ 17    On July 19, 2022, Breckenridge filed a *pro se* motion to stay and vacate the judgment alleging the agreement was made under duress, the trial court refused to accept the counterclaim, and reiterating the allegations in the counterclaim. The motion asserted that Breckenridge told the trial court that she could not vacate at "the spur of the moment." Breckenridge also filed a *pro se* motion for substitution of judge, seeking the appointment of a judge from another county, and for substitution of counsel because new counsel would not file a motion to vacate the judgment.

¶ 18    On July 28, 2022, Breckenridge filed a *pro se* notice of appeal from the trial court's July 18, 2022, order, attaching scans of documents, photographs, and correspondence in support.[3]

¶ 19    On July 29, 2022, Breckenridge filed a *pro se* motion to dismiss and quash the case.

---

[3] These scans are largely illegible.

¶ 20    On August 3, 2022, the trial court entered an order striking all pending motions due to the notice of appeal filed on July 28, 2022.[4]

¶ 21    On June 26, 2023, this court entered an order taking the case for consideration on the record and Breckenridge's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (a reviewing court may decide a case on an appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 22    On appeal, Breckenridge contends the apartment was in disrepair, plaintiff's employees committed "bodily harm" to her son, and plaintiff was "negligent" in pursuing this case because the eviction was retaliatory. Breckenridge further asserts that the trial court erred by not questioning plaintiff as to why (1) Breckenridge was given a 120-day notice to vacate when the rent was paid, (2) plaintiff refused to enter into another rental agreement or lease, (3) the apartment was in "unlivable condition," and (4) Breckenridge was blamed for a bedbug infestation. She further contends that the trial court forced her to " 'self-evict' " by not explaining the right to trial by jury and should have granted her emergency rental assistance. Additionally, she claims that the attorneys she retained were negligent and conspired to protect plaintiff, and the court "refus[ed] to allow" substitute counsel when they withdrew. Breckenridge seeks reimbursement of attorney fees and other damages in excess of one million dollars.

---

[4] We note that Breckenridge's *pro se* notice of appeal, filed before the trial court entered a ruling on the *pro se* motion to stay and vacate the judgment, was premature. See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) ("When a timely postjudgment motion has been filed by any party ***, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion ***, becomes effective when the order disposing of said motion or claim is entered."). Thus, the *pro se* notice of appeal became effective on August 3, 2022, when the trial court struck all pending motions.

¶ 23    Initially, our review of Breckenridge's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341(h), which provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Here, Breckenridge's brief provides no citations to the record and fails to articulate a legal argument which would allow a meaningful review of her claims. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that Breckenridge's brief fails to comply with Supreme Court Rule 341(h)(7), her arguments are forfeited.

¶ 24    Moreover, Breckenridge has included within her brief scans of documents that are not included in the record on appeal. Documents that are not included in the record on appeal are not properly before this court and cannot be considered. See *Koshinski v. Trame*, 2017 IL App (5th) 150398, ¶ 9 (documents attached to briefs but not included in the record are not properly before a reviewing court and cannot be used to supplement the record). Accordingly, we will disregard arguments and factual assertions based on information that is not contained in the record. See *People v. Mehlberg*, 249 Ill. App. 3d 499, 532 (1993) ("A reviewing court must determine the issues before it on appeal solely on the basis of the record made in the trial court.").

¶ 25    Considering the content of Breckenridge's brief, it would be within our discretion to dismiss this appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). However, because it is clear that Breckenridge challenges the trial court's order granting possession of the apartment

to plaintiff, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001). That said, the deficiencies in the record still prevent us from reaching this appeal on the merits.

¶ 26    On appeal, the appellant, in this case Breckenridge, has the burden to provide a complete record for review in the appellate court to support her claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 27    Here, the record reveals that the trial court held compliance hearings on May 19, 2022, and July 18, 2022, and that Breckenridge testified at the May hearing. However, the record on appeal does not contain a report of proceedings from either hearing or acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute from these hearings, we are unable to determine what evidence was admitted or excluded, the content of Breckenridge's testimony, and the negotiations that led to the agreed order. Moreover, we have no knowledge of the parties' arguments, the trial court's participation in the creation of the agreed order, and the court's specific findings at the July 18, 2022, compliance hearing which supported the eviction order. Under these circumstances, we must presume that the court acted in conformity with the law and properly entered the eviction order based upon the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of

proceedings or other record of these hearings, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 28    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29    Affirmed.