**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240067-U

Order filed March 18, 2025

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| CURTIS BUTLER SR., | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellee, | ) | Kankakee County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-24-0067 |
| v. | ) | Circuit No. 22-EV-600 |
| | ) | |
| RODERIC T. HODGE JR., | ) | The Honorable |
| | ) | Nancy A. Nicholson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

**ORDER**

¶ 1     *Held*:   In an appeal in an eviction case, the appellate court held that the trial court correctly found that defendant had been properly served with process through constructive service and correctly denied defendant's motion to quash service and dismiss the complaint. The appellate court, therefore, affirmed the trial court's judgment.

¶ 2     Plaintiff, Curtis Butler Sr., filed a complaint for eviction against defendant, Roderic T. Hodge Jr., seeking possession of a residence in Momence, Kankakee County, Illinois (subject property), that plaintiff had leased to defendant. Defendant filed an emergency motion to quash

service and dismiss the eviction complaint (motion to quash and dismiss), which the trial court subsequently denied. Following a bench trial, the trial court entered an eviction order granting plaintiff possession of the subject property but stayed the eviction order pending appeal. Defendant appeals, arguing, among other things, that the trial court erred in denying his motion to quash and dismiss. We affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4        Plaintiff owned the subject property and had leased the subject property to defendant. In November 2022, after several months of defendant allegedly failing to pay rent, plaintiff filed a self-represented complaint for eviction against defendant seeking possession of the subject property. Plaintiff alleged in the complaint that (1) he had the right to possession of the subject property, (2) defendant had unlawfully withheld possession and had no right to stay at the subject property because plaintiff had terminated the lease for nonpayment of rent, and (3) defendant owed rent in the amount of $3000 for all of 2022.[1]

¶ 5        A copy of a five-day notice to terminate the lease for nonpayment of rent and an affidavit of service of the notice were attached to the complaint. The notice was dated November 7, 2022. The notice listed defendant's name, the property address, and the amount of rent owed ($3000) and stated that defendant's lease would be terminated unless the full amount of rent owed was paid within five days after the date of service of the notice. The affidavit of service stated that plaintiff had delivered a copy of the notice to defendant (or an occupant) on November 7, 2022. Plaintiff had signed the affidavit and, in so doing, had certified under the penalty of perjury that everything in the affidavit was true and correct.

---

[1]Plaintiff did not seek in this lawsuit to recover the rent that he was allegedly owed by defendant.

2

¶ 6 After the eviction complaint was filed, plaintiff tried to obtain personal service of a summons and the complaint upon defendant but was unable to do so. The special process server's report that was later filed indicated that service of process was attempted on defendant at the subject property on two occasions and, although defendant appeared to be present inside the residence, defendant would not answer the door. Plaintiff filed an affidavit for service by posting stating that he had been unable to serve defendant with the eviction summons and that he believed defendant could not be served personally or by substitute service because plaintiff knew that defendant was in Illinois but could not find defendant. A notice of posting was issued and was posted by the sheriff at the subject property, the Kankakee City Hall, the Kankakee County Courthouse, and the Kankakee County Courthouse Annex. Notice was also sent by certified mail to defendant at the subject property but was returned unclaimed.

¶ 7 In January 2023, defendant filed his emergency motion to quash and dismiss. In the motion, defendant asserted, among other things, that he had not been provided with adequate notice and that the trial court lacked jurisdiction to hear the case. A hearing was held on the motion later that month. Both parties were present at the hearing and were self-represented. At the conclusion of the hearing, the trial court took the matter under advisement. Several months later, the trial court issued its written decision. The trial court found that the five-day notice to terminate had been personally served on defendant by plaintiff and that defendant had not challenged the service of that notice in his emergency motion. The trial court also found that the eviction complaint was properly served on defendant through posting after plaintiff had obtained leave to serve defendant by constructive service. The trial court, therefore, denied defendant's emergency motion to quash and dismiss. Defendant filed a motion to reconsider, which the trial court also denied.

3

¶ 8        In December 2023, a bench trial was held on the eviction complaint. Both parties were present for the trial and were self-represented.[2] The bench trial took only a short time to complete as plaintiff and defendant were the only persons that testified. At the conclusion of the bench trial, the trial court found that (1) plaintiff was the owner of the subject property, (2) there was an agreement between the parties that defendant would live at the subject property, (3) the lease was terminated, (4) defendant was no longer allowed to be at the subject property, and (5) possession of the subject property should be returned to plaintiff. The trial court, therefore, entered an eviction order granting plaintiff possession of the subject property but also gave defendant a few weeks to move out, which was later extended. Before the extended time period expired, defendant filed a motion to stay the eviction order pending appeal. The trial court granted the stay.

¶ 9        Defendant filed a self-represented appeal. In so doing, defendant used the preprinted fill-in-the-blank appellant's opening brief form that had been approved for such use by our supreme court. Defendant, however, left portions of the form blank, including the area where he was supposed to explain and support his arguments (as to two of his three arguments); the area where he was supposed to state what he wanted this court to do (the conclusion section); and the area where he was supposed to list the contents of, and attach, an appendix. In addition, defendant's statement of facts section consisted mostly of argumentative statements and was devoid of any citation to the trial court record. Despite all of those deficiencies, defendant arguably still managed to frame a reviewable issue—that he was not properly served with the eviction complaint. Defendant made references to that issue, albeit somewhat ambiguously at times, in his

---

[2]Defendant was in custody at the time of the trial and was present by video.

statement of the nature of the case, his statement of the facts section, and his explanation of the first argument.

¶ 10                                    II. ANALYSIS

¶ 11        On appeal, defendant argues that the trial court erred in ruling in plaintiff's favor on the eviction complaint and in entering the eviction order in this case. Defendant asserts that the ruling was erroneous because the trial court (1) "fail[ed] to perform the duties of judicial office impartially and diligently pursuant to judicial oath of office and judicial code of conduct," (2) "depriv[ed] defendant/appellant of equal protection and due process of the Supreme Law of the Land," and (3) "forc[ed] a bench trial and refus[ed] to allow for a jury trial on the matter." As noted above, however, defendant has failed to explain or support his second and third assertions in his appellate brief. We, therefore, find those two assertions to be forfeited and will not address those assertions further in this order. See *People ex rel. Illinois Dept. of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56 (indicating that a point on appeal that is not argued or supported by citation to relevant authority is forfeited); *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297-98 (2010) (same). As for his remaining assertion (the first assertion listed above), although defendant frames that assertion as a claim that the trial court violated the judicial code of conduct, defendant's real contention, as best as we can discern, is that he was not properly served with the eviction complaint since service in this case was obtained through constructive service by posting a copy of the notice of posting and eviction complaint at various locations. Defendant maintains that (1) "actual service methods" could and should have been followed, such as sending the relevant documents to defendant at the subject property address, if plaintiff and the sheriff would have used defendant's correct name and the correct property address, rather than "play[ing] games with [the] process"; and (2) the trial court should not have

5

allowed that abuse of process to occur. For all practical purposes, therefore, it appears that defendant is asserting that the trial court erred in denying defendant's motion to quash and dismiss.

¶ 12       Plaintiff has not filed an appellee's brief in this case. We will, nevertheless, address the merits of defendant's argument pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (stating that in the absence of an appellee's brief, a reviewing court should decide an appeal on the merits if the record is simple and the claimed errors are such that the court can easily decide the issues raised by the appellant without the aid of an appellee's brief).

¶ 13       The appellate court applies a *de novo* standard of review to the question of whether the trial court obtained personal jurisdiction over defendant. *Corlis v. Edelberg*, 2018 IL App (1st) 170049, ¶ 9. Section 9-107 of the Eviction Act (Act), which governs constructive service of process in eviction cases, provides that constructive service of process may be made when a plaintiff is unable to obtain personal service on the defendant or unknown occupant and a summons duly issued in such action is returned without service stating that service cannot be obtained. See 735 ILCS 5/9-107 (West 2022). For constructive service to be allowed, a plaintiff must first file an affidavit stating the reason that personal service cannot be obtained upon defendant consistent with the reasons for nonservice provided in the statute. See *id.*; *Corlis*, 2018 IL App (1st) 170049, ¶ 19. After satisfying the affidavit requirement, a plaintiff may constructively serve a defendant by either (1) posting and mailing notices or (2) publication and mailing as provided for in section 2-206 of the Code of Civil Procedure (735 ILCS 5/2-206 (West 2022)). 735 ILCS 5/9-107 (West 2022); *Corlis*, 2018 IL App (1st) 170049, ¶ 19.

Regardless of which form of constructive service is used by the plaintiff, strict compliance with the requirements of section 9-107 is mandatory. *Corlis*, 2018 IL App (1st) 170049, ¶ 20.

¶ 14     In the present case, after reviewing the record, we conclude that constructive service of process was properly made upon defendant. See 735 ILCS 5/9-107 (West 2022); *Corlis*, 2018 IL App (1st) 170049, ¶¶ 19-20. The record shows that after plaintiff made two attempts to personally serve defendant that were unsuccessful, plaintiff filed an affidavit for service by posting. A notice of posting was issued and was posted at the subject property and at various public places and notice by certified mail to defendant at the subject property was attempted. Defendant has not asserted in this appeal that plaintiff's affidavit for service by posting was inadequate or that the affidavit or posting procedure failed to comply with the statutory requirements. We, therefore, reject defendant's underlying claim that constructive service was improper in this case and his assertion that the trial court somehow violated the judicial code of conduct by allowing constructive service and hold that the trial court properly denied defendant's motion to quash and dismiss.

¶ 15                         III. CONCLUSION

¶ 16     For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 17     Affirmed.